**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

LEDELL MAXWE PADMORE  #291-925   :

   Petitioner                                            :

       v.                                               :    Civil Action No.  DKC-06-1682

NANCY ROUSE, WARDEN, *et al.*              :

   Respondents                                      :

..o0o..

**MEMORANDUM**

This matter is before the court on Ledell Maxwell[1] Padmore's pro se application for a writ of habeas corpus under 28 U.S.C. §2254. Padmore challenges his convictions from 2000 in the Circuit Court for Howard County for first degree assault and related offenses. Counsel for Nancy Rouse, Warden of the Maryland Correctional Institution and J. Joseph Curran, the Attorney General of Maryland, has filed an answer and exhibits seeking dismissal of the petition as time-barred. Petitioner has filed a reply.[2]

Upon review of the pleadings, the court finds no need for an evidentiary hearing. *See* 28 U.S.C. Section 2254(e)(2)*;* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts*.* The petition is time-barred under 28 U.S.C. §2244(d)(1), and will be dismissed by separate order.

---

   [1]     The court will direct the Clerk to correct the docket to show that Petitioner's middle name is Maxwell.

   [2]     In accordance with *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002), Petitioner was granted thirty days to explain why the petition was timely or why principles of equitable tolling should apply. Upon review of the reply, the court finds no cause to find that equitable tolling is warranted.

**I. Procedural History**

On December 15, 1999, a jury sitting in the Circuit Court for Howard County found Padmore guilty of attempted second degree murder, first degree assault, felony theft, misdemeanor theft, reckless driving, and negligent driving. Resp. Ex. 1 and Ex. 2 at 2. On February 24, 2000, the Circuit Court for Howard County sentenced him to twenty years incarceration for attempted second degree murder, a concurrent ten-year term for felony theft, and a concurrent eighteen month term for misdemeanor theft. The remaining counts were merged into the counts for which Padmore was sentenced to imprisonment. *See id.*

Padmore's convictions were affirmed by the Court of Special Appeal of Maryland on direct appeal on January 29, 2001, with the mandate issuing on February 29, 2001. *See id.* He did not seek further review in the Court of Appeals of Maryland.

Padmore commenced post- conviction proceedings in the Circuit Court for Howard County on May 7, 2001. Resp. Ex. 1 & 3. On July 11, 2002, the Court granted Padmore partial post-conviction relief after finding that Padmore's trial counsel provided ineffective assistance for failing to object to an erroneous jury instruction regarding the crime of second degree attempted murder. Resp. Ex. 4 at 22-25. The Court ordered a new trial solely as to that count. Resp. Ex. 4 at 25. The Court denied Padmore's remaining claims. Padmore did not file for leave to appeal the denial of his remaining claims.

On September 26, 2002, in lieu of new trial on attempted second degree murder, the State elected to nol pros the charge[3] and sought to resentence Padmore for first degree assault, a charge that had originally been merged into the sentence imposed for attempted second degree murder. Resp. Ex. 5 at 2. Later that day, Padmore was sentenced to twenty years for first degree assault.

---

[3] The charge was nolle prossed prior to the resentencing hearing. Resp. Ex. 4 at 3.

Resp. Ex. 5 at 26. [4]  On direct appeal, the Court of Special Appeals of Maryland affirmed his sentence with the mandate issuing on November 5, 2003. Resp. Ex. 1 and 6. Padmore did not seek further review in the Court of Appeals of Maryland.

On November 10, 2003, while his resentencing was on appeal, Padmore filed another post-conviction petition. This petition was denied on December 4, 2003. Resp. Ex. 1 at 15 & Ex. 7 at 2. Padmore did not file an application for leave to appeal this decision. Padmore filed a third post-conviction petition on February 12, 2004. It was construed by the court as a motion to reopen post-conviction proceedings, and denied on April 8, 2004. Resp. Ex. 1 & 7. Padmore did not file for leave to appeal the ruling. The instant habeas petition was filed on June 27, 2006. [5]

## II. Statute of Limitations

A one-year statute of limitations applies to federal habeas petitions challenging non-capital state convictions. *See* 28 U.S.C. § 2244(d).[6] This one-year period is tolled while properly filed post

---

[4] At re-sentencing, Padmore objected to entry of the nol pros by the State. Resp. Ex. 5 at 4. He alleged it would violate his right against double jeopardy and unlawfully increase his sentence if the court imposed sentence on the first degree assault charge. The trial court at resentencing determined that the nol pros did not create such an impediment. *See* Resp. Ex. 4 at 12. Further, the court concluded that Padmore could be sentenced on the first degree assault because that count had originally been merged into the attempted second murder conviction for purposes of sentencing. *See id.*

[5] The petition, signed and dated June 27, 2006, was received by the Clerk on June 30, 2006. For the purposes of assessing the timeliness of the petition under 28 U.S.C. §2244(d), the petition is deemed deposited with prison authorities and filed on the same day. *See United States v. Dorsey*, 988 F. Supp. 917, 919-20 (D. Md. 1998).

[6] This section provides:

> (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A)   the date on which the judgment became final by the

conviction proceedings are pending and may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

**III. Analysis**

As earlier noted, the Court of Special Appeals of Maryland issued the mandate affirming Padmore's convictions on February 29, 2001, and Padmore did not seek certiorari review in the Court of Appeals of Maryland. Under these facts, these convictions became final under 28 U.S.C. § 2244(d) on March 15, 2001, when the period for filing for certiorari review from the decision of the Court of Special Appeals decision ended. *See* Md. Code, Courts and Judicial Proceedings § 301; Md Rule App. Rev. Ct. App. 8-301 & 302 (providing fifteen days to file for certiorari review after the Court of Special Appeals issues its mandate).

Padmore was resentenced on the first degree assault conviction September 26, 2002. That sentence was affirmed on direct appeal by the Court of Special Appeals of Maryland which issued

---

> conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

its mandate on November 5, 2003.  Padmore did not file an application for leave to appeal, and the intermediate appeallate court's decision became final for the purposes of 28 U.S.C. § 2244(d) on November 20, 2003.  *See id.*

There were no state post-conviction proceedings pending between: 1) March 15, 2001, and May 7, 2001, (53 days); 2) January 5, 2004, and February 12, 2004, (38 days); and 3) May 10, 2004, and June 27, 2006 (2 years and 48 days), a period that totals 2 years and 139 days.  Consequently, Padmore's petition for habeas relief was filed outside the one-year period of limitations.

**IV. Conclusion**

For these reasons, the petition is time-barred under 28 U.S.C. §2244(d) and will be dismissed by separate order.

_11/29/06_____           _____/s/_____
Date                        DEBORAH K. CHASANOW
                            United States District Judge